IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE JOHNSON, | ) | |
| AIS #141306, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-559-MEF |
| | ) | [WO] |
| | ) | |
| SAM BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Eddie Johnson ["Johnson"], a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Kilby Correctional Facility. Specifically, Johnson alleges that officer Sam Brown ["Brown"] subjected him to excessive force on May 31, 2009, lodged an improper disciplinary against him for assault, and violated various administrative regulations.

The defendant filed a special report and supporting evidentiary materials addressing Johnson's claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to construe the report as a motion for summary judgment.  *Order of August 12, 2010 - Doc. No. 9*. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendant's motion

for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

proof. *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive the defendant's properly supported motion for summary judgment, Johnson is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct.

3

2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant.

4

*United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence

5

such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Johnson fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment on the defendant's *res judicata* defense to the excessive force and disciplinary claims. *Matsushita*, *supra*. Johnson is likewise entitled to no relief on his claim with respect to a violation of administrative rules and regulations nor his allegation regarding a verbal assault.

## III.  DISCUSSION

### A.  Absolute Immunity

To the extent that Johnson seeks relief from defendant Brown in his official capacity, the defendant is entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,

6

908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  Relevant Facts

In the early afternoon of May 31, 2009, Brown conducted a patrol of the kitchen area at the Kilby Correctional Facility.  A verbal exchange occurred between the parties during which Johnson allegedly made insubordinate and disrespectful remarks towards Brown. Upon completion of his patrol rounds, Brown ordered Johnson to accompany him to the segregation shift office. While escorting Johnson to the office, Brown verbally reprimanded Johnson for his insubordination.  Johnson responded with loud remarks and, from Brown's perspective, physically combative behavior.  At this time, Brown attempted to place

7

handcuffs on Johnson, an effort Johnson resisted, and a struggle ensued between the parties.[2]   Other correctional officers responded to the struggle and aided Brown in restraining Johnson.  Johnson was then escorted to the health care unit for a body chart. The nurse noted abrasions to Johnson's face, back and chest.  *Defendant's Exhibit D - Doc. No. 8-4* at 2.

## C.  Violations of Administrative Rules and Regulations

Johnson contends that Brown violated administrative rules and regulations during the events which transpired on May 31, 2009.  *Complaint - Doc. No. 1* at 3 ("Defendant went outside of Department of Corrections procedures by leaving his post unassigned, verbal assault, excessive force that was not needed, false [disciplinary] charges and failure to notify supervisor of the incident.").  Alleged violations of departmental rules or regulations do not assert a violation of an inmate's constitutional rights.  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).  Consequently, the defendant is entitled to summary judgment on this claim.

## D.  Verbal Assault

Johnson complains that Brown subjected him to a verbal assault.  In support of this allegation, Johnson maintains that "words were exchanged" between the parties when

---

[2]In the documents filed herein, Johnson acknowledges the verbal exchanges with Brown. Johnson also concedes his resistance to being handcuffed but maintains that it occurred because his "arm wouldn't go behind his back." *Defendant's Exhibit A - Doc. No. 8-1* at 2 (Johnson's state civil complaint).

Brown first entered the kitchen.  *Plaintiff's Response - Doc. No. 11* at 2; *Defendant's Exhibit A - Doc. No. 8-1* at 2 (Johnson's state civil complaint) (On May 31, 2009, "Plaintiff was assigned to work detail in the kitchen [at Kilby] as a cook. While Plaintiff was preparing the meal, officer Sam Brown (Defendant) came into the kitchen when [Brown] saw Plaintiff he started shouting and cursing Plaintiff.").  It is likewise undisputed that Brown verbally reprimanded Johnson during their trip to the shift office.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district

9

court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry...."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("[A]lleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere thereat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).  Under the circumstances of this case, Johnson fails to state a cognizable claim with respect to Brown's purported verbal assault and summary judgment is due be granted in favor of the defendant with respect to this claim.

## E.  Res Judicata

Johnson alleges that the use of force by Brown constituted excessive force which violated the Eighth Amendment.  He also challenges the constitutionality of a disciplinary

lodged against him for assault on a correctional employee arising from the incident with Brown. The defendant asserts that these claims are precluded by res judicata due to the dismissals of Johnson's state civil actions, *Johnson v. Brown*, Case No. CV-2009-1133 (excessive force) and *Johnson v. State of Alabama*, Case No. CV-2009-1107 (disciplinary) by the Circuit Court of Montgomery County, Alabama, and the affirmance of these dismissals by the Alabama Court of Civil Appeals and the Alabama Court of Criminal Appeals, respectively. *See Defendant's Exhibit A - Doc. No. 8-1*, *Defendant's Exhibit F - Doc. No. 8-6* and *Defendant's Exhibit G - Doc. No. 8-7*.  In his response to the defendant's report, Johnson does not dispute the applicability of this bar to his claims. *Plaintiff's Response - Doc. No. 11*.

Under well settled federal law,

[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata."  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, [often denoted as "collateral estoppel",] in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  *Id.*, at 748-749, 121 S.Ct. 1808.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 (2008).

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940 (11ᵗʰ Cir. 2010), *cert. denied*, __ U.S. __, 131 S.Ct. 342, 178 L.Ed. 2d 223 (2010) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11ᵗʰ Cir. 1992)).   "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit."  *Id*.  In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11ᵗʰ Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata ... refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit....  In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted).  The court now turns to these four elements.

     1.  **Final Judgments**.  On July 22, 2009, Johnson filed suit against Brown in the Circuit Court of Montgomery County, Alabama.  *Defendant's Exhibit A - Doc. No 8-1* (complaint in *Johnson v. Brown*, Case No. CV-2009-1133).  In that case, Johnson raised the same excessive force claim against Brown as is presented in this case.  *Id*.  The facts

made the basis of the state civil action are identical to the facts presented to this court in

support of the instant complaint.  On January 18, 2010, the Circuit Court of Montgomery

County, Alabama issued an order granting summary judgment in favor of the defendant.

This order reads as follows:

> On July 22, 2009, Petitioner filed a civil complaint alleging that the defendant used excessive force in violation of his Eighth Amendment [rights]. The petitioner requested injunctive relief and sought monetary damages.  The court issued a special report giving each side an opportunity to respond.  Both sides filed an answer to the special report and the court finds as follows:
>
> The petitioner is currently an inmate at Kilby Correctional Facility. On May 31, 2009, the petitioner became insubordinate and made disrespectful comments toward the defendant.  The defendant eventually instructed the petitioner to come to the shift office.  The petitioner while being escorted to the shift office, became very loud and physically combative.  The defendant attempted to restrain the petitioner for his safety and the safety of others.  A physical struggle ensued and other officers came in and assisted the defendant. The [petitioner] was eventually handcuffed and placed in leg restraints.  He was taken to the medical unit for a body chart to be done and it showed that he suffered minor abrasions and bruises.
>
> The defendant admits using force, but states that it was necessary and appropriate.  The Eighth Amendment protections are only triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." Pursuant to Hudson v. McMillian, 503 U. S. 1 (1992), the defendant complied with the five factors that the court must look at in evaluating an Eighth Amendment claim for excessive force. Due to the petitioner['s] behavior, the defendant needed to use force. The defendant only used the force necessary to restrain the petitioner. The defendant believed the petitioner was a threat to himself and others. Other officers at the prison helped the defendant to restrain the petitioner which reduced the severity of the force necessary to restrain the petitioner and the injuries suffered by the petitioner were only minor.
>
> The petitioner's claim for monetary damages is prohibited pursuant to the Eleventh Amendment. ,To the extent that the petitioner is suing the defendant in his official capacity, the suit is against the state and therefore the

13

defendant is immune from suit.  If the petitioner is suing the defendant in his individual capacity, then the court must look to <u>Ex parte Cranman</u>, 792 So.2d 392 (Ala. 2000) for evaluating whether or not a state official sued in his individual capacity is entitled to immunity as an agent of the State.  The petitioner has the burden of showing that the defendant acted wilfully or maliciously once the defendant shows that he was undertaking a discretionary function.  There is absolutely no evidence that the defendant acted wilfully or maliciously.  He used only the force necessary to restrain the petitioner.  The petitioner offers no evidence to contradict that the defendant acted reasonably under the circumstances.  The petitioner only offers assertions that have no basis.

Wherefore it is ORDERED that the defendant is due to have and is GRANTED summary judgment in his favor.

*Defendant's Exhibit A - Doc. No. 8-1* at 7-8.  Johnson filed an appeal of this decision, and

the Alabama Court of Civil Appeals issued an order on June 3, 2010, summarily dismissing

the appeal of the trial court's order.  *Id*. at 10.

Johnson also submitted a civil action to the Circuit Court of Montgomery County,

Alabama in July of 2009, an action the court deemed filed on August 7, 2009, that was

styled as a petition for writ of habeas corpus, in which he challenged the disciplinary

lodged against him by Brown for assault on a correctional employee.  *Defendant's Exhibit

G - Doc. No 8-7* (petition in *Johnson v. State of Alabama*, Case No. CV-2009-1107).  In

light of the claims presented by Johnson and in accordance with state law, the state courts

construe this petition as a petition for certiorari.[3]  After receiving appropriate pleadings

from the parties, the Circuit Court of Montgomery County denied Johnson relief on his

---

[3]Under Alabama law, a petition for writ of certiorari is the appropriate method in which to challenge a prison disciplinary and the state courts determine the type of motion based on the substance of the motion rather than the style of the motion.  *See Ex parte Woods*, 941 So.2d 259 (Ala. 2006); *Ex parte Deramus*, 882 So.2d 875 (Ala. 1997).

petition and Johnson appealed this decision.

On February 19, 2010, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the dismissal of the petition by the trial court. The relevant portion of the appellate court's opinion reads as follows:

> The appellant, Eddie Johnson, an inmate at Kilby Correctional Facility, appeals the circuit court's dismissal of his petition for a writ of certiorari, in which he challenged a prison disciplinary proceeding, and the resulting punishment.
>
> On May 31, 2009, Johnson physically resisted an attempt by Officer Sam Brown to place handcuffs on him. Officer Brown had to receive assistance from another officer to subdue Johnson. Johnson was charged with violating the administrative rules and regulations of the Department of Corrections ("DOC"), namely, Rule 29, assaulting a DOC employee. Following a hearing [on the disciplinary charge] at which several witnesses testified including Johnson, Johnson was found guilty of violating Rule 29. Johnson's punishment for the incident was 30 days in disciplinary segregation, 30 days loss of store, telephone, and visitation privileges, and 30 days of "extra duty under the supervision of the First Shift."
>
> On August 7, 2009, Johnson filed a petition for writ of certiorari in Montgomery Circuit Court. In his petition, Johnson argued that his due process rights were violated because the disciplinary report was incomplete. Further, Johnson called for an investigation into Officer Brown's behavior, alleging that Officer Brown violated certain DOC rules and regulations. DOC subsequently moved to dismiss the petition or, in the alternative, for a summary judgment, arguing that Johnson was not entitled to due process because he had asserted no protected liberty interest and that DOC complied with its administrative regulations.  On October 26, 2009, the circuit court granted DOC's motion to dismiss on the ground that the inmate disciplinary proceeding did not violate Johnson's due process rights.  This appeal followed.
>
> On appeal, Johnson contends that the circuit court abused its discretion when it granted the State's motion to dismiss because, he argues, (1) the State violated his due process rights; and (2) Officer Brown's conduct violated several administrative regulations.  Johnson also appears to challenge the sufficiency of the evidence presented at the disciplinary hearing.

Under Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate facing a disciplinary proceeding is entitled certain due process protections; namely: (1) notice of the claimed violation; (2) a right to call witnesses and to present documentary evidence on his behalf; and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary actions.  418 U.S. at 563....

In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court set out the standard by which to evaluate whether alleged liberty interests are protected by the Due Process Clause, and, thus, entitled to the procedural protections outlined in Wolff v. McDonnell:

> "The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum [v. Fano, 427 U.S. 215 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Sandin, 515 U.S. at 483-84 (internal citations omitted).

Although Johnson contends that the State's actions implicated his due-process rights, this Court has previously held that an inmate does not have a liberty interest in visitation, store, telephone, and other privileges.... Likewise, placement in disciplinary confinement or assignment of extra work duty fails to constitute a liberty interest....  Thus, Johnson's punishment involved no deprivation of a liberty interest.  Because Johnson was not deprived of a liberty interest, the due-process protections discussed in Wolff, and which Johnson argues were violated, are not applicable to this case.

Nevertheless, an examination of the record indicates that Johnson was afforded the due process protections under Wolff.  A review of the record indicates that Johnson received notice of the alleged violation and at least 24 hours advance notice of the hearing, that he was given the opportunity to be heard and to present documentary evidence, and that the hearing officer provided written findings of fact following the hearing.

Regarding Johnson's challenge to the evidence presented at his disciplinary hearing, in a due-process hearing, the hearing officer need rely only upon "some evidence" that the administrative action is warranted.  See

16

generally, <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985).... Based on our review of the record, there was sufficient evidence presented at the disciplinary hearing to establish that Johnson violated DOC rules and regulations by assaulting a DOC employee. Furthermore, the record does not support Johnson's contention that DOC [or its employees] violated any administrative regulations. Accordingly, we cannot say that the circuit court abused its discretion by dismissing Johnson's petition.

Based on the foregoing, the circuit court's judgment is affirmed.

*Defendant's Exhibit F - Doc. No. 8-6* at 1-4 (citation to record and footnote omitted).

In order toe analyze the res judicata effect of these rulings, this court must first determine whether the decisions of the state courts in Johnson's civil actions are decisions on the merits.

"A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard....

"It is not necessary, however, that there should have been a trial. If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, *although there was no actual hearing on the facts of the case*."

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975, 978 (Ala. 2000) (emphasis in original); *Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So.3d 521, 533 (Ala. 2008) (same). After reviewing all of the pleadings, including evidence contained therein, the state courts dismissed each of

Johnson's civil actions.  It is clear that the state courts' dismissals of the plaintiff's cases constituted final judgments on the merits.  *See Alpha Life Insurance Corp. v. Jackson*, 906 so.2d 143, 155 (Ala. 2005) (citing *Hammermill Paper Co. v. Day*, 336 So.2d 166, 168 (Ala. 1976).

2.  **Courts of Competent Jurisdiction**.  It is undisputed that under applicable state law, the Circuit Court of Montgomery County had jurisdiction over the civil actions filed by Johnson and the state appellate courts each had jurisdiction over the respective appeals of the decisions issued by the circuit court. Consequently, the Circuit Court of Montgomery County, Alabama, the Alabama Court of Civil Appeals and the Alabama Court of Criminal Appeals are courts of competent jurisdiction.

3.  **Identical Parties**.  Parties are "identical" for purposes of res judicata when they are the same or in privity with one another.  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990).  The plaintiff named Sam Brown as a defendant in his civil complaint for excessive force and the Alabama Department of Corrections as the respondent in his petition for writ of certiorari challenging the disciplinary lodged against him by Brown. Thus, Brown appears as a defendant in both the previous state tort action and this case. Although Brown is not a party to the petition for writ of certiorari attacking the constitutionality of his assault disciplinary, the court finds that he is in privity with the named respondent so as to be bound by the judgment in that case.

In *Thompson v. SouthTrust Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007), the

court, while noting that in Alabama the term "privity" had not been uniformly defined with respect to res judicata, observed that it was often deemed to arise from

> "(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation." Thus, the existence of privity has generally been resolved "on an ad hoc basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment." *Hughes v. Martin*, 533 So.2d 188, 191 (Ala.1988).

*Thompson* involved a lawsuit in which the plaintiff sued a bank and two of its employees asserting claims of negligence, wantonness and fraud relating to representations made by the bank concerning an anticipated loan for the purchase of apartments.  Prior to the filing of the case against SouthTrust and two of its employees, Thompson had filed in 2002 a suit against only the bank, a suit which the court characterized as alleging the same primary wrong; Thompson lost that lawsuit, and for that reason the Court concluded that the two bank employees could "take advantage of the previous adjudication in favor of SouthTrust." *Thompson* 961 So.2d at 883.  *Thompson* thus stands for the proposition that an agent and the agent's employer are in privity with respect to actions in which they have "an identity of interest in the subject matter of the litigation." 533 So.2d at 191. It therefore follows that Sam Brown, an employee of the Alabama Department of Corrections, is in privity with his employer and may take advantage of the previous adjudication by the state courts in favor of the department in the certiorari action.

4.  **The Same Cause of Action.**  In *Manning*, the Court summarized the law

19

regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-1359 (11th Cir. 1992).

In the earlier state cases, Johnson complained that defendant Brown subjected him to excessive force and, along with other correctional officials, deprived him of due process in a disciplinary action. Examinations of the complaint and petition filed in Johnson's state civil actions demonstrate that the allegations contained therein arise from the same set of facts and circumstances as the present cause of action. It is clear that the excessive force and due process claims raised in the prior state cases are identical to the issues raised in this lawsuit.

Moreover, "[r]es judicata acts as a bar 'not only to the precise legal theory presented

in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

> "Res judicata is a broad, judicially developed doctrine, which rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled between those same parties and their privies. 46 Am.Jur.2d *Res Judicata* § 395 (1969). 'The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.' 'Developments in the Law-Res Judicata,' 65 Harv. L.Rev. 820 (1952)."

*Thompson,* 961 So. at 885.

"*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Driessen v. Fla.*, 401 Fed. Appx. 435 (11th Cir. 2010) quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999). The court therefore concludes that the claims presented against the defendant in the instant cause of action entitle Johnson to no relief as these claims are precluded from review by the doctrine of res judicata.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED.

2.  Judgment be entered in favor of the defendant.

3.  This case be DISMISSED with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before December 17, 2012, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of December, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE